# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 16 C 6634 |
| | ) | |
| JUAN REYNA | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Juan Reyna's (Reyna) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is denied.

## BACKGROUND

On August 12, 2008, in case number 06 CR 928, Reyna pled guilty to Count One of the indictment, which charged Reyna with unlawfully possessing a firearm after previously sustaining a felony conviction. On December 3, 2008, the court found that Reyna was subject to the 15-year mandatory minimum sentence in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and the court sentenced Reyna to 15 years imprisonment. On July 28, 2016, Reyna filed the instant motion. The Government opposes the instant motion.

1

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

Reyna argues that his sentence should be vacated based on rulings in *Johnson v. United States*, 559 U.S. 133 (2010) and *Mathis v. United States*, 136 S.Ct. 2243 (2016).  The ACCA provides the following:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.§ 924(e)(1); *see also United States v. Haney*, 2016 WL 6298695, at *1 (7th Cir. 2016)(stating that "[i]n *Johnson*, the Court declared unconstitutionally vague the ACCA's 'residual clause,' i.e., a part of § 924(e)(2)(B)(ii) that defined violent

felonies as offenses involving 'conduct that presents a serious potential risk of physical injury to another'"). The ACCA further provides the following:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C.§ 924(e)(2)(B). In *Johnson*, the Supreme Court "invalidated the ACCA's residual clause as unconstitutionally vague." *United States v. Rollins*, 2016 WL 4587028, at *1 (7th Cir. 2016)(finding that "*Johnson's* constitutional holding applied to the residual clause in" the sentencing guidelines); *United States v. Hurlburt*, 2016 WL 4506717, at *3 (7th Cir. 2016)(explaining that the portion referencing a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is the residual clause).

Although Reyna relies upon *Johnson*, Reyna was sentenced under the ACCA based upon three separate felony convictions for burglary. Reyna was not sentenced under the residual clause in the ACCA and thus *Johnson* is not applicable in this instance. Reyna argues that the court should not take such a limited view of the holding in *Johnson*. Neither the Court in *Johnson* nor the Seventh Circuit in interpreting *Johnson* have indicated such a broad holding in regard to the ACCA. *See Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016)(holding that the

3

petitioner could not "show that his sentence violates *Johnson*" because "the sentence was" not "based . . . on the residual clause"). This court declines to expand the holding of *Johnson* in such a manner.

Reyna also relies upon *Mathis* as a basis for his Section 2255 Motion. The record does not indicate that Reyna raised *Mathis* during his direct appeal and he has waived that argument. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)(referencing "the well-settled rule that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal"). The Seventh Circuit has indicated that *Mathis* did not make a rule retroactively applicable to cases on collateral review. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)(making a finding in regard to application for successive petition). Reyna has not shown a valid legal basis for declining to pursue his *Mathis* argument during his direct appeal. Nor has Reyna shown good cause or actual prejudice in regard to the waiver. Based on the above, the Section 2255 motion is denied.

Finally, pursuant to Rule 11(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

4

encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Reyna has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Reyna shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Reyna decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is denied.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 23, 2016