# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16-cv-06634 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| | ) | |
| JUAN REYNA | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth below, Petitioner Juan Reyna's motion for relief under 28 U.S.C. § 2255 is granted.

In *United States v. Reyna*, 06 CR 928-1, Petitioner was charged with two counts of illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Petitioner pleaded guilty to Count One; Count Two was dismissed under the terms of Petitioner's plea agreement. Petitioner was sentenced as an armed career criminal to a mandatory minimum term of 15 years, to be followed by three years of supervised release.

Petitioner later sought relief under 28 U.S.C. § 2255, alleging that his previous convictions for residential burglary were not proper ACCA predicates and that the maximum sentence was therefore 10 years of imprisonment. By the previously-assigned judge, the Court denied the § 2255 petition. Reyna then appealed that decision. *Juan Reyna v. United States*, Appeal No. 17-2238 (7th Cir.). While Petitioner's appeal was pending, in *United States v. Glispie*, 953 F.3d 358 (7th Cir. 2019), the Seventh Circuit certified to the Illinois Supreme Court the question

whether the limited authority doctrine applied to the Illinois offense of residential burglary. Accepting the certification, the Illinois Supreme Court decided the question in the affirmative; in response, the Seventh Circuit held that convictions under the Illinois residential burglary statute cannot serve as qualifying predicate convictions under the ACCA. *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020). In view of *Glispie*, and at the government's request, the Seventh Circuit issued an order on January 14, 2021 vacating Petitioner's 15-year sentence and remanding the case to this Court for resentencing.

In compliance with the Seventh Circuit's directive, it is ORDERED that Petitioner's sentence in No. 06 CR 928-1 (the underlying criminal case) is vacated and that Petitioner will be resentenced. By separate order, the court will set dates for the preparation of an updated presentence report and a resentencing in *United States v. Reyna*, 06 CR 928-1.

SO ORDERED in No. 16-cv-06634.

Date: June 8, 2021

JOHN F. KNESS
United States District Judge